IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | |
|---|---|
| A.C., a minor, through his father, B.C., as next friend, | ) ) ) |
| Plaintiff[1], | ) ) |
| vs. | ) ) ) |
| R.U.N.A. BUSINESS INCORPORATED, MUHAMMAD YAQUB, RAHEELA YAQUB, ENFESAL, INC., d/b/a DOLTON CITGO, and DOES 1-5 | ) ) ) ) ) |
| Defendants. | ) ) |

_____)

## COMPLAINT

Plaintiff, A.C., a minor, through his father, B.C., as next friend, by his undersigned counsel, hereby files this Complaint and sues R.U.N.A. Business Incorporated, Muhammad Yaqub, Raheela Yaqub, and ENFESAL, Inc., entities, and people, for injunctive relief, attorney fees and costs pursuant to 42 U.S.C. §12181 *et seq.,* ("Americans With Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

---

[1]Plaintiff A.C. is a minor child. He is referred to by his initials in accordance with Federal Rule of Civil Procedure 5.2(a)(3). A motion to proceed using initials for the father of A.C. has been/will be filed with this complaint. Accordingly, both Plaintiff and his father are identified by their initials throughout this Complaint.

3. Plaintiff, A.C., (hereinafter referred to as "A.C." or "Plaintiff") is a resident of Cook County, Illinois.

4. A.C. is a qualified individual with a disability under the ADA. His walking is very unstable and he needs assistance or the use of a wheelchair and is disabled.

5. Indeed, A.C.'s disability, at all time's material hereto, impairs his ability to walk, a major life activity, and requires him to be carried, held on to, or use a wheelchair to ambulate.

6. B.C. is the father of A.C. and is named solely as A.C.'s next friend because A.C. is a minor.

7. Defendants, R.U.N.A. Business Incorporated., Muhammad Yaqub, Raheela Yaqub, and ENFESAL, Inc., are and at all times herein mentioned were a duly organized business, association, limited liability company, corporation or people duly authorized to exist and operate within the State of Illinois and the owner, lessee, or tenant of the premises located at 14209 Lincoln Avenue: Dolton, IL 60419 and doing business as Dolton Citgo Quik Mart (hereinafter the "Property").

8. Plaintiff, on information and belief, alleges that defendants Muhammad Yaqub, Raheela Yaqub, R.U.N.A. Business Incorporated, and ENFESAL, Inc., are the owners and/or landlords and/or operators of the entity doing business as Dolton Citgo Quik Mart at the Property.

9. Plaintiff is ignorant of the defendants sued as Does 1-5. Plaintiff sues them in their fictitious names as Doe defendants. Upon information and belief, Plaintiff alleges that Does 1-5 are the owners, operators, lessees or tenants of the subject property and each of the Doe defendants at all times herein was acting as the agent and or representative of each other and thereby are responsible in some manner for the injuries and damages complained of herein. Plaintiff will seek leave of court to amend this complaint to name Doe defendants when the same is ascertained.

10. All events giving rise to this lawsuit occurred in the Northern District of Illinois.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

11. Plaintiff realleges and incorporates in this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

12. The Property, a restaurant, is open to the public and provides goods and services to the public.

13. Plaintiff visited the Property and attempted to utilize the facilities offered at the Property.

14. While at the property, A.C. experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

15. A.C. continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

16. A.C. has concrete plans to visit and will visit the Property in the near future to utilize the goods and services offered thereon.

17. Defendants are in violation of 42 U.S.C. § 12181 *et seq*. and 28 CFR §36.302 *et seq*. and are discriminating against the Plaintiff due to Defendant's failure to provide and/or correct the following barriers to access which were personally observed, encountered and which hindered Plaintiff's access:

A. Particularly, Defendants have failed to comply with ADA Accessibility Guidelines (hereinafter referred to as the "ADAAG") for parking, *to wit*, Defendants' Property is not in compliance with the ADAAG, as identified by the following violations in the parking lot of the Property:

i   Designated Disabled "VAN ACCESSIBLE" Parking- Space (ADAAG 4.1.2(5)(b))

ii   Designated Disabled "VAN ACCESSIBLE" Parking Space- Width (ADAAG 4.1.2(5)(b))

  iii  Designated Disabled "VAN ACCESSIBLE" Parking Space- Length (ADAAG 4.1.2(5)(b))

  iv  Designated Disabled "VAN ACCESSIBLE" Parking Space- Signage (ADAAG 4.1.2(5)(b))

  v  Regular Disabled Parking Space- (ADAAG 4.6.3 (18' Length x 9' Width Min))

  vi  Regular Disabled Parking Space – Width (ADAAG 4.6.3 (9' Width Min))

  vii  Regular Disabled Parking Space- Length (ADAAG 4.6.3 (18' Length))

  viii  Van Accessible Aisle- (ADAAG 4.6.3)

  ix  Van Accessible Aisle - Width (ADAAG 4.6.3)

  x  Van Accessible Aisle - Length (ADAAG 4.6.3)

  xi  Signage Installed -(Each Space) (ADAAG 4.6.4)

  xii  Additional Signage- (Van Accessible) (ADAAG 4.6.4)

  xiii  Designated Disabled Parking Space Signage- (ADAAG 4.6.4)

  xiv  Parking Space Emblem – Proper Size (ADAAG 4.6.4)

18. Defendants either do not have a policy to assist people with disabilities or refuse to enforce such a policy if it does exist.

19. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether barriers to access stated herein have been remedied.

20. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

4

21. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

22. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgement against Defendants and requests the following injunctive relief:

A. That the Court declare the Property owned, leased, leased to and/or operated by Defendants is in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. That the Court award reasonable attorney fees, costs (including expert fees) and other expenses of suit to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.                                     Respectfully submitted,


By:  s/Nicholas C. Kefalos_____
                Nicholas C. Kefalos, IARDC No. 6270051

VERNOR MORAN, LLC
27 N. Wacker Drive, Ste. 2000
Chicago, Illinois 60606-2800
(312) 264-4460
(312) 264-4461 (fax)
nkefalos@vernormoran.com
*Attorney for Plaintiff*